ARKANSAS STATE HIGHWAY COMM'N v.
RALPH D. MONTGOMERY ET UX

5-5219                                     454 S. W. 2d 87

Opinion delivered May 25, 1970

*Thomas Keys* and *Virginia Tackett,* for appellant.

*James Pilkinton,* for appellees.

CONLEY BYRD, Justice. The sole issue in this eminent domain action is whether the trial court abused its discretion in refusing appellant Arkansas State Highway Commission a continuance when it discovered during trial that the landowners, appellees Ralph D.

and Marie Montgomery, had by interlineation amended their answer to claim $14,000 instead of $8,000 as just compensation.

The record shows that the landowners owned lands in Blocks 1, 3 and 5 of McDowell's Subdivision, that the blocks were separated by platted but unopened streets, and that the landowners had their ownership in the three blocks under one fence without regard to the platted streets.

The taking here touched only Block 1 of McDowell's Subdivision. When the landowners first answered, they claimed damages of $8,000, but when the appraisers viewed the property and notified counsel for landowners that the property in the three blocks constituted a unit and that all three were damaged, counsel for landowners by interlineation on the original answer, and without service of notice on the Highway Department, changed the $8,000 to $14,000.

The matter of the claimed damages to the three blocks as a unit was discussed with the court at a pretrial conference. The trial judge decided that he was unable to rule on the issue until all of the landowners' proof was heard. As a result the testimony on behalf of the landowners was presented both on damages to the three blocks as a unit and on damages to the Block 1 land, in case the court ultimately ruled that the evidence as to the unit was insufficient to go to the jury.

While witnesses were testifying to damages sustained to the three blocks as a unit, the Highway Department moved for a continuance because the landowners had only claimed in their answer damages of $8,000 and that they were now testifying to damages in a greater amount to the surprise of the Department. At the conclusion of the landowners' proof, the trial court sustained the Highway Department's objection to the damage testimony based upon the three blocks as a unit. This left the testimony on damages to Block 1

at $8,475 by Mr. Charles Wilburn and $10,275 by Mr. P. M. Brown.

A continuance is usually a matter of discretion with the trial court and a party has no reason to complain of a refusal of a continuance in the absence of a showing of surprise. We find no abuse of discretion in this instance since the issues presented to the jury were confined to the Highway Department's theory of the damages sustained.

Affirmed.